JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
John M. Nolan (JN 9794)

ATTORNEYS FOR DEFENDANT

RECEIVED-CLERK
U.S. DISTRICT COURT
2004 MAR -4  P 12: 37

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMIT SHAH, | : |
| Plaintiff, | : Civil Action No. 03-6228 (KSH) |
| v. | : |
| JONES APPAREL GROUP, INC., a Pennsylvania Corporation, | : **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendant. | : |

Defendant, Jones Apparel Group, Inc. ("Defendant"), by and through its attorneys, Jackson Lewis LLP, for its answer to the complaint, states as follows:

### PARTIES

1. The allegations set forth in paragraph 1 of the complaint are not directed at Defendant and for that reason, no response is provided thereto.

2. Defendant admits it is registered to conduct business in New Jersey, that it designs and produces clothing for the retail market, that it is a corporation, and that it has offices located at 180 Rittenhouse Circle, Bristol, Pennsylvania. The remainder of the allegations set forth in paragraph 2 of the complaint are denied.

## VENUE

3. The allegations set forth in paragraph 3 of the complaint purport to assert conclusions of law to which no response is required. To the extent such a response is necessary, Defendant denies the allegations set forth in paragraph 3 of the complaint.

4. The allegations set forth in paragraph 4 of the complaint purport to assert conclusions of law to which no response is required. To the extent such a response is necessary, Defendant denies the allegations set forth in paragraph 4 of the complaint.

5. The allegations set forth in paragraph 5 of the complaint purport to assert conclusions of law to which no response is required. To the extent such a response is necessary, Defendant denies the allegations set forth in paragraph 5 of the complaint.

## BACKGROUND FACTS

6. Defendant admits Plaintiff was hired on or around June 22, 1998, he worked at the Gloria Vanderbilt distribution center located in Edison, New Jersey, and that he was an import manager at the time of his discharge.

7. Defendant denies the allegations set forth in paragraph 7 of the complaint.

8. Defendant admits Plaintiff was informed in the fall of 2003 that the distribution center where he was employed would be closing on or about June 30, 2003, and that Plaintiff's position would be terminated due to the closing.

9. Defendant admits Plaintiff received a document entitled restructuring worksheet and refers to the document for the precise terms and conditions thereof. Defendant denies the remaining allegations set forth in paragraph 9 of the complaint.

10. Defendant admits Plaintiff received a document entitled restructuring worksheet and refers to the document for the precise terms and conditions thereof. Defendant denies the remaining allegations set forth in paragraph 10 of the complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff learned about his mother-in-law's medical condition or his wife's reaction to that condition, if any. Defendant denies the remaining allegations set forth in paragraph 12 of the complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the complaint.

15. Defendant admits that Plaintiff has not been paid the stay bonus and severance payment at issue in this case because he is not entitled to such payments. Defendant denies the remaining allegations set forth in paragraph 15 of the complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the complaint.

## COUNT I – ERISA

17. Defendant repeats its responses to the allegations set forth in paragraphs 1 through 16 of the complaint, as if set forth at length herein.

18. Defendant admits Plaintiff received a document entitled restructuring worksheet which provided for payments of a stay bonus and severance pay under certain

conditions and refers to the document for the precise terms and conditions thereof. Defendant further notes paragraph 18 of the complaint purports to assert conclusions of law to which no response is required. To the extent such a response is required, Defendant denies the allegations set forth in paragraph 18 of the complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under 29 U.S.C. §1001 et seq., or any other federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was based on reasonable factors.

WHEREFORE, Defendant, Jones Apparel Group, Inc., respectfully requests that this Court:

    a.    Dismiss the complaint in its entirety, with prejudice;

    b.    Deny each and every demand, claim and prayer for relief contained in the complaint;

    c.    Award to Jones Apparel Group, Inc. reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By: _____
John M. Nolan

Date: March 3, 2004

ATTORNEYS FOR DEFENDANT